Clarence M. WRIGHT

v.

PENNSYLVANIA RAILROAD COMPANY, a corporation.

Civ. A. No. 11492.

United States District Court
W. D. Pennsylvania.

Dec. 2, 1954.

Robert B. Ivory, Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

John R. Bredin, Dalzell, Pringle Bredin & Martin, Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action by Clarence M. Wright, a former employee of the defendant company, brought under the Federal Employer's Liability Act, 45 U.S.C. § 51 et seq., to recover from defendant damages alleged to have been caused by injuries received by him March 12, 1953 while he was working as a mechanic's helper at a shop of defendant located near Monongahela City, Pennsylvania. The jury returned a verdict in favor of the plaintiff in the amount of $47,250. The action is now before us on defendant's motion for a new trial. Two reasons are relied upon: First, that the verdict is excessive, and the other, that it was excessive because of passion and prejudice arising from plaintiff's attorney's argument to the jury.

Plaintiff, at the time of the accident, was aged 42. He is now of the age of 44 years. He was working at the time of the accident as a mechanic's helper in the straightening of a box car in which a straightener device was used in conjunction with a jack. This device while in operation struck the plaintiff and caused him injuries consisting of lacerations, contusions and abrasions, an injury to his left foot, a light inguinal hernia and some injury to his brain. He was receiving at the time of the accident a wage of $240 per month, or $2,880 a year. The evidence is not clear as to what work he will be able to do in the future. It appears fairly clear that he could do light office work, and work of a like character. What amount he could receive therefor does not appear in the evidence. It was not clear as to whether his injuries will be permanent or not. There is a difference in the evidence in regard to that.

After considering the evidence as to the kind of work which plaintiff has done in the past, what he will be able to do in the future, the amount that he may receive therefor, and the permanence of his injuries, I believe that the verdict is excessive and should be reduced.

I am of the opinion that the remarks made by plaintiff's counsel in his closing argument to the jury were not prejudicial to the defendant. The objection thereto was not made until after the Court had concluded its charge to the jury. This was too late. See Chicago & N. W. Ry. Co. v. Green, 8 Cir., 1947, 164 F.2d 55, 64.

Order of Court

And Now, to wit, this 2nd day of December, 1954, this action came on for hearing on defendant's motion for a new trial, and after hearing and consideration thereof, it is ordered and directed that plaintiff within fifteen days after the filing of this order, file a stipulation in

this Court agreeing that the verdict and judgment be reduced from $47,250 to $37,250. If this is done, the motion for a new trial is refused; otherwise, it is granted.